Dear Representative Hudson:
You submit the following inquiry to this office for review:
 May the parish enforce an ordinance which allows the parish president to fine a police juror for violation of decorum or procedures during a meeting of the police jury and have such fine withheld from the police juror's compensation without any court proceeding?
A meeting of the police jury is governed by the Open Meetings Law, R.S. 42:4.1, et seq. An elected official, such as a police juror, may be removed from a meeting if he "willfully disrupt[s] a meeting to the extent that orderly conduct of the meeting is seriously compromised." See R.S. 42:6.1 (C) and Attorney General Opinion 91-91.
Further, it is within the authority of the police jury to establish parliamentary procedures for its public meetings. R.S. 33:1236 (1) empowers the police jury to "make regulations for their own government." While we think that the police jury may impose a fine upon a member for disorderly conduct as considered by R.S. 42:6.1 (C), we do not think it acceptable for the fine to be withheld from the police juror's compensation. The state constitution prohibits the reduction of the compensation of elected officers during their terms of office. LSA-Const. Art VI, Section 12 (1974) and LSA-Const. Art X, Section 23 (1974), respectively provide:
§ 12. Local Officials; Compensation
 The compensation or method of fixing the compensation of an elected official of any local governmental subdivision which operates under a home rule charter or plan of government, as provided in Sections 4 and 5 of this Article, shall be provided in its charter. The compensation or method of fixing the compensation of an elected official of any other local governmental subdivision shall be provided by law. Compensation of a local official shall not be reduced during the term for which he is elected.
* * * * *
§ 23. Compensation of Elected Public Officials; Reduction
 The compensation of an elected public official shall not be reduced during the term for which he is elected. (Emphasis added).
We conclude that while the police jury may impose a fine as a penalty for disruptive conduct, the police jury may not withhold the fine from the juror's compensation. Such an ordinance adopted by the police jury withholding a fine from the compensation of a jury member would, in our opinion, be unconstitutional.
We hope the foregoing is helpful to you. Should you have further questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 91-91
April 4, 1991
22 — DISTRICT PROSECUTING ATTORNEYS 63 — LEVEES, DRAINAGE DISTRICT FLOOD CONTROL
R.S. 38:305; R.S. 16:2 (A); R.S. 42:261.263
Levee board may employ its own attorney without approval of Attorney General
Hon. Joe Sevario State Senator P.O. Box 94183 Baton Rouge, LA 70804